UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
LOUIS MOLINO
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

       -against-


NORTHLAND GROUP INC.

                        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Louis Molino seeks redress for the illegal practices of Northland Group Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Edina, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Louis Molino*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 21, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The June 21, 2014 letter represented the "Current Balance Due" as "$1,420.21."

12. The said June 21, 2014 letter also provided a notice in bold stating: **"WE ARE REQUIRED BY LAW TO FIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgement. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN."**

13. The said June 21, 2014 letter made no reference to any interest, nor did it disclose whether or not interest was accruing, or if the total debt was subject to accumulating interest or other fees.

14. On or about July 21, 2014, the Defendant sent the Plaintiff a further collection letter seeking to collect on the alleged debt.

15. The said letter represented the "Current Balance" as "$1,430.52."

16. The said July 21, 2014 letter also stated the bold notice as in the Defendant's earlier letter.

17. From the July 21, 2014 letter, one can infer that the alleged debt had in fact been accruing interest since the date of the June 21, 2014 letter.

18. The Defendant was forbidden from charging interest on the said account because, as the Defendant itself emphasized, the statutory period had passed on this debt, which included the Defendant's ability to charge interest.

19. Furthermore, the said June 21, 2014 letter, by failing to inform the Plaintiff of any, impending increase in interest would lead the least sophisticated consumer to believe that payment of the amount stated in the letter would satisfy the debt, when in fact interest would accrue and the consumer would still owe additional accrued interest. Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC, 214F. 3d 872 (7th Cir. 2000). (The debt collector's duty (is) to state the amount of the debt in cases like this where the amount varies from day to day.)

20. The Defendant, by charging interest in the said July 21, 2014 letter when it was unauthorized to do so, violated 15 U.S.C. § 1692f(1), which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

21. The Defendant, by failing to disclose interest charges in the said June 21, 2014 letter,

violated 15 U.S.C. § 1692e(2)(A), which prohibits falsely representing the character, amount, or legal status of the debt.

22. In fact, even had the Defendant warned the Plaintiff of an impending increase of interest in further collection letters, the Defendant would still be in violation.

23. Section 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
> (A) the character, amount, or legal status of any debt
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24. Section 1692f of the FDCPA states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

25. The said June 21, 2014 letter failed to: state that the debt was accruing interest; provide a breakdown of the debt's accrued interest and other fees, as opposed to simply stating it as a single sum; state whether the debt was subject to the accrual of interest or other charges; state whether the debt had already accrued interest or other charges; state the amount of interest and other charges that had accrued on the debt; or state how or when the amount of the debt had been calculated by the Defendant. <u>Jones v. Midland Funding, LLC</u>, 755 F. Supp. 2d 393 (D. Conn. 2010). ([W]hen a debt is accruing

interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate. If a validation notice lacks this information, the least sophisticated consumer, although aware that debt typically accrues interest, may be left uncertain as to the amount of the debt. The letter made it clear that (the Defendant) was offering to settle the "current balance" of $2096.06 if the "amount due" of $1,885.55 was paid by August 8, 2007. But it did not state whether the "current balance" of $2096.06 would accrue interest in the interim if no payment were made. In the absence of such disclosure, even a sophisticated consumer would not know what the amount of the debt would be if the discounted amount was not paid by August 8.); Marucci v. Cawley & Bergmann, LLP, Civ. No. 2: 13-4884 (KM)(MAH) (D.N.Y. Dec. 15, 2014). ((Defendants) contend that Counts III and IV must be dismissed because the statutory reference to "the amount of the debt" does not explicitly require any disclosures as to the accrual of interest. Because of persuasive case law to the contrary, I disagree, and will deny this component of the motion to dismiss. . . . The Act (FDCPA) is debtor-oriented. What the debtor needs to know is what he or she owes. . . I therefore hold that debt collectors must disclose the accrual of interest to satisfy the obligation to state "the amount of the debt."); Michalek v. ARS National Systems, Inc., Civil Action No. 3: 11-CV-1374 (M.D. Pa. Dec. 13, 2011). (Thus, while the collection letter at issue in (Smith v. Lyons, Doughty & Veldhuius, P.C. No. 07-5139, 2008 WL 2885887 at *7 (D.N.J. July 23, 2008),) hinted at the accrual of interest, the letters in the instant case are even more likely to cause misunderstanding for the least sophisticated consumer. As such, it would be possible to interpret "balance" to mean that it was either a dynamic or static

amount. The Court therefore finds that (Defendant's) letters to (Plaintiff) are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692(e)(10). . . . Therefore, in ultimately finding that (Plaintiff) has stated a valid claim under § 1692e(10), the Court finds, for the purposes of this Motion, that (Plaintiff) has also stated a valid claim under § 1692e(2)(A).)

26. Said language can be reasonably read to have two or more different meanings, one of which is false. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

27. Defendant's letters are in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f(1) for attempting to collect interest on an account when the statute of limitations had passed, and for a deceptive and false representation of the character, amount, or legal status of the debt.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

28. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty seven (27) as if set forth fully in this cause of action.

29. This cause of action is brought on behalf of Plaintiff and the members of a class.

30. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letters sent to the Plaintiff on or about June 21, 2014 and July 21, 2014; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to LVNV Funding LLC; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f(1) for attempting to collect interest on an account when the statute of limitations had passed and for a deceptive and false representation of the character, amount, or legal status of the debt.

31. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

32. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

35. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

36. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 8, 2015

    /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

    /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

# Northland Group Inc.

866-580-2077
For Hours of Operation, please visit us at:
www.payments2northland.com

June 21, 2014

P.O. Box 390846
Minneapolis, MN 55439
Mail Code SSL13

**ACCOUNT INFORMATION**

Current Account Owner: **LVNV Funding LLC**
Original Creditor: **General Electric Capital Corporation**
Original Account #: ************4213
Current Balance Due: **$1,420.21**

Louis Molino     474-06/21x279)
1961 E 15th St
Brooklyn, NY 11229-3307

**NORTHLAND ACCOUNT NUMBER**

474

Last Payment Date: **11/21/07**

## Settle your account in 3 or 6 payments!

In order to assist you in clearing this debt, we are offering options.

**Option I:** LVNV Funding LLC will allow you to settle your account for $525.48 in 3 payments starting on 07/12/14. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of all three payments of $175.16, a letter will be sent confirming the above referenced account has been resolved.

**Option II:** LVNV Funding LLC will allow you to settle your account for $596.52 in 6 payments starting on 07/12/14. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of all 6 payments of $99.42, a letter will be sent confirming the above referenced account has been resolved.

Please contact the representative below at 866-580-2077 if you have any questions. These are not your only options.

**WE ARE REQURIED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.**



**Pay Online:** www.payments2northland.com



**Pay by Phone:** Please call Northland Group, Inc. at 866-580-2077.
We offer check by phone, Western Union, and credit card.



**Pay by Mail:** Send payments to PO Box 390846, Minneapolis, MN 55439.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

This collection agency's New York City Department of Consumer Affairs License number is 1283580.

M279-279 P7522/0623_2

*Northland Group Inc.*

866-580-2077
For Hours of Operation, please visit us at:
www.payments2northland.com

July 21, 2014

P.O. Box 390846
Minneapolis, MN 55439
Mail Code SSL13

**ACCOUNT INFORMATION**
**Current Account Owner:** LVNV Funding LLC
**Original Creditor:** General Electric Capital Corporation
**Original Account #:** ************4213

**PAYMENT ADDRESS**
P.O. Box 390846, Minneapolis, MN 55439

**NORTHLAND ACCOUNT NUMBER**
474

Louis Molino    474-07/21x221)
1961 E 15th St
Brooklyn, NY  11229-3307

**CURRENT BALANCE:**
$1,430.52
**Settlement:** $529.32
**Last Payment Date:** 11/21/07

## YOU HAVE OPTIONS!

To assist you in clearing this debt, we are offering you options; however, the options listed below are not your only options.

**Option 1 (3-pay settlement):** This option allows you to settle your account for $529.32 in 3 payments of $176.44 in order to clear this debt. We are not obligated to renew this offer. Your first payment is due on 8/11/2014. If you need additional time to respond to this offer, please contact us. The payments can be no more than 30 days apart. For your convenience, payment coupons are attached at the bottom of this letter. Upon receipt and clearance of all three payments, a letter will be sent confirming the above referenced account has been resolved.

**Option 2 (Monthly payments on Balance):** If you are not in a position to take advantage of a settlement offer at this time, we are willing to accept monthly payments of $100 to be applied towards the balance on your account. We are not obligated to renew this offer. If you wish to take advantage of this option, please send your payments to the above address, and be sure to reference your Northland Account number on your payment. Upon receipt of your first payment, we will send you payment coupons for your future monthly payments. Once you are in a position to offer a settlement, please contact us.

**WE ARE REQURIED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.**

This collection agency's New York City Department of Consumer Affairs License number is 1283580.
This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

 **Pay Online:** www.payments2northland.com

 **Pay by Phone:** Please call Northland Group, Inc. toll-free at 866-580-2077. We offer check by phone, Western Union, and credit card.

 **Pay by Mail:** Send payments to PO Box 390846, Minneapolis, MN 55439.

Northland Group is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office.

M221-221 P3478/0721_4

---

| 1 of 3 | 2 of 3 | 3 of 3 |
|---|---|---|
| **Northland Account #:** 474 | **Northland Account #:** 474 | **Northland Account #** 47 |
| Client Code: RESU | Client Code: RESU | Client Code: RESU |
| Original Account #: ************4213 | Original Account #: ************4213 | Original Account #: ************42 |
| Mail Payment to: | Mail Payment to: | Mail Payment to: |
| Northland Group, Inc. | Northland Group, Inc. | Northland Group, Inc. |
| P.O. Box 390846 | P.O. Box 390846 | P.O. Box 390846 |
| Minneapolis, MN 55439 | Minneapolis, MN 55439 | Minneapolis, MN 55439 |
| Or pay online at: | Or pay online at: | Or pay online at: |
| **payments2northland.com** | **payments2northland.com** | **payments2northland.com** |
| **PAYMENT AMOUNT: $176.44** | **PAYMENT AMOUNT: $176.44** | **PAYMENT AMOUNT: $176.44** |
| Due Date: 08/11/14 | Due Date: 30 days from 1st payment | Due Date: 30 days from 2nd paym |

Detach coupon and mail with payment | Detach coupon and mail with payment | Detach coupon and mail with payment